# JOSÉ RIBAS ALBANELL, Plff.

### *v.*

# RAMÓN VALDÉS COBIÁN ET AL., Dfts.

# PRAXEDES, MORALES FIGUEROA, Plff.,

### *v.*

# RAMÓN VALDÉS ET AL., Dfts.

San Juan, Law, Nos. 1061, 1062.

JURISDICTION AS TO FEDERAL QUESTION.

Employers' Liability Act—Jurisdiction of Action.

    The district court of the United States for Porto Rico has jurisdiction of an action brought under the so-called Federal Employers' Liability Act of April 22, 1908, 35 Stat. at L. 65, chap. 149, even although both parties thereto are citizens and residents of Porto Rico.

Opinion filed May 12, 1915.

*Mr. Joseph Anderson,* Jr. attorney for plaintiff.

*Messrs. Martinez & Iriarte* attorneys for defendants.

NOTE.—As to jurisdiction generally of action under Federal employers' liability act, see notes in 47 L.R.A.(N.S.) 67; L.R.A.1915C, 47.

    As to power of state courts to enforce rights under Federal employers' liability act, see also note in 40 L.R.A.(N.S.) 684.

Albanell v. Cobian.

HAMILTON, Judge, delivered the following opinion:

This is a suit for personal injuries brought against the defendants as operating a railroad in Porto Rico. A demurrer has been filed upon grounds raising the question of jurisdiction.

1. In the first place it is urged that there is not a diversity of citizenship, in that the plaintiff and defendants reside within the district of Porto Rico and are citizens of Porto Rico. The jurisdiction of the court is given in § 34 of the organic act of Congress of April 12, 1900 [31 Stat. at L. 85, chap. 191], as amended by § 3 of the act approved March 2, 1901 [31 Stat. at L. 953, chap. 812, Comp. Stat. 1913, § 3786]. The organic act gives this court the same jurisdiction as in the case of other district and circuit courts of the United States. Section 3 of amendment of 1901 reads as follows:

"That the jurisdiction of the district court of the United States for Porto Rico in civil cases shall, in addition to that conferred by the act of April twelfth, nineteen hundred, extend to and embrace controversies where the parties, or either of them, are citizens of the United States, or citizens or subjects of a foreign state or states, wherein the matter in dispute exceeds, exclusive of interests or costs, the sum or value of $1,000."

The jurisdiction of Federal courts is not limited by citizenship in Federal questions, that is to say, when questions arise under the Constitution, treaties, or laws of the United States. It may well be that a law of the United States will confer rights which are also enforceable in a local court, but such a right, unless otherwise declared, is to be understood as equally enforceable in the courts of the sovereign prescribing the right; that is to say, in the Federal court.

Albanell v. Cobián.

2. The question, therefore, arises whether the right asserted raises a Federal question. The action is brought under act of April 22, 1908, called "An Act Relating to the Liability of Common Carriers by Railroad to Their Employees in Certain Cases." 35 Stat. at L. 65, chap. 149, Comp. Stat. 1913, § 8657. The first section provides for railroad commerce between the states, territories, and foreign countries, or any two of them, but § 2 goes further and provides "that every common carrier by railroad in the territories, the District of Columbia, the Panama Canal Zone, or other possessions of the United States shall be liable in damages to any person suffering injury while he is employed by such carrier in any of said jurisdictions, or, in case of death of such employee, to his or her personal representatives, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment."

This is therefore extended to a railroad wholly within a territory or a possession of the United States. Porto Rico comes within one or the other of these categories, and the act therefore creates a right which gives rise to a Federal question. The question of jurisdictional amount does not arise in this case, and, as held above, citizenship is not material under these circumstances. Ames v. Kansas, 111 U. S. 449, 28 L. ed. 482, 4 Sup. Ct. Rep. 437; Second Employers' Liability Cases (Mondou v.

New York & N. H. R. Co.) 223 U. S. 1, 56 L. ed. 327, 38 L.R.A.(N.S.) 44, 32 Sup. Ct. Rep. 169, 1 N. C. C. A. 875; 4 Fed. Stat. Anno. 266, 280 and notes. In other words, diversity of citizenship is *per se* one ground of jurisdiction of Federal courts, and a Federal right is *per se* another. The two grounds do not have to coexist, and either may be acted on independently of the other.

The demurrer is therefore overruled.